IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODERICK JAMES WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-172-TCK-FHM |
| | ) | |
| SEAN HENRY, DEA Agent; and | ) | |
| ROBERT JEROME MIEIR, TFO Agent | ) | |
| for the DEA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 28, 2005, Plaintiff, a prisoner appearing *pro se*, submitted for filing a civil complaint (Dkt. # 1), and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). Plaintiff asserts jurisdiction pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Before the Court are Defendants' motion to dismiss based on Plaintiff's failure to effect proper service (Dkt. # 18), Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 20), and Plaintiff's motion to change venue (Dkt. # 21). For the reasons discussed below, the Court finds Defendants' motion to dismiss for failure to state a claim shall be granted. As a result, it would be futile to require Plaintiff to effect proper service on the United States and Defendants' motion to dismiss based on improper service shall be declared moot.

As a preliminary matter, the Court shall address Plaintiff's motion to change venue. Plaintiff requests a change of venue to the United States District Court for the Western District of New York because the events giving rise to this action occurred in Buffalo, New York, and "all witnesses necessarily live in New York." See Dkt. # 21. In the complaint, Plaintiff alleges that Defendants Henry and Mieir are citizens of Tulsa, Oklahoma. Based on Plaintiff's allegations made in the complaint, and pursuant to the applicable venue statute, 28 U.S.C. § 1391(e), the Court finds venue

is proper in this District Court. For that reason, and because Plaintiff initially chose to file this action in this Court, the Court finds the motion to change venue shall be denied.

## *BACKGROUND*

When Plaintiff filed his complaint, he was housed at the David L. Moss Criminal Justice Center, located in Tulsa, Oklahoma.[1] Plaintiff is currently in the custody of the Federal Bureau of Prisons. He names two (2) defendants Sean Henry and Robert Jerome Mieir, both identified in the complaint as DEA Agents for the Northern District of Oklahoma. In describing the nature of his case, Plaintiff states as follows:

> Both agents had me in custody violated my medical privacy used cruel and unusual punishment by forcing me to go without my wheelchair. Then by leaving my prescription drugs unsecured in the house with my two children. Then transferring my prescription medications without my knowledge or will, which caused murder by negligence of my beloved brother. Which effected a lot of stress and agonizing pain to me and my wife's physical, mental and emotional conditions. And which resulted in the loss of my key witness in my conspiracy case that these agents have against me.

(Dkt. # 1). Based on those facts, Plaintiff identifies three (3) claims as follows: (1) "transferring Roderick Walker's prescriptions narcotic medications without my approval or law approval," (2) "murder by negligence – wrongful death," and (3) "violating Roderick Walker's medical privacy rights. And cruel and unusual punishment. And other punity (sic) damages." See Dkt. # 1. In his prayer for relief, Plaintiff requests seven million dollars. Id.

---

[1]On April 15, 2005, in N.D. Okla. Case No. 04-CR-099-CVE, a jury found Plaintiff guilty of conspiracy to distribute LSD (Count 1) and four (4) counts of utilization of a communications device in the furtherance of a drug related offense (Counts 2-5). Plaintiff was sentenced to life imprisonment on Count 1, and to four (4) years on each of Counts 2-5, with the sentences ordered to be served concurrently. Judgment was entered August 1, 2005. Plaintiff appealed. On May 3, 2006, the Tenth Circuit affirmed Plaintiff's convictions and sentences.

By Order filed June 29, 2005 (Dkt. # 7), the Court dismissed Plaintiff's wrongful death claim for failure to state a claim upon which relief may be granted and directed Defendants to answer or otherwise plead to Plaintiff's remaining claims. On January 11, 2006, Defendants Henry and Mieir filed a motion to dismiss (Dkt. # 20). In their motion, Defendants argue that Plaintiff's claim of "cruel and unusual punishment" fails to state a claim upon which relief may be granted and that they are entitled to qualified immunity on any claim alleging a violation of Plaintiff's right to "medical privacy." See Dkt. # 20. Plaintiff filed a response (Dkt. # 27) to the motion to dismiss.

## *ANALYSIS*

**A.  Standard for dismissal**

Plaintiff has been granted leave to proceed in this matter *in forma pauperis*. In cases where the plaintiff is proceeding *in forma pauperis*, § 1915(e) provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall** dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (emphasis added). A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988) (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. <u>Hall</u>, 935 F.2d at 1110. <u>See also</u> Fed. R. Civ. P. 12(b)(6) and <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (setting forth standards for evaluating the sufficiency of a claim).

**B. Plaintiff's claims**

In the instant case, the Court finds that, even if the allegations in Plaintiff's complaint are presumed true, Plaintiff has failed to state a claim on which relief can be granted as to Defendants Henry and Mieir on his claim of "cruel and unusual punishment." <u>See</u> 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6); <u>Conley</u>, 355 U.S. at 45-46. The Court also finds that Defendants are entitled to qualified immunity on Plaintiff's claims that Defendants violated his medical privacy rights.

In his complaint (Dkt. # 1), Plaintiff alleges the following facts relevant to the claims before the Court. On or about July 24, 2004, Defendants "used cruel and unusual punishment . . . by forcing me to use cruches (sic) instead of the wheelchair which I am bound by. And by interfering with my doctor and myself." Plaintiff states that Defendants Henry and Mieir arrived at his home in Buffalo, New York, to take him into custody. He informed Defendants that he had been injured in a recent car accident and that he needed to use a wheelchair. Plaintiff claims "they forced me to my feet and forced me to stand on some rented cruches (sic) from Walgreens." Plaintiff states he had been using the crutches to "get around my bed." Defendants transported Plaintiff to the Office of the United States Marshal "for processing." According to Plaintiff, the U.S. Marshals refused to accept him, "citing that I needed proper medical treatment before they would process me." Defendants took Plaintiff to Erie County Medical Center to be examined by Dr. Scott Sherman. Plaintiff complains that Defendant Henry was "arrogant and trying to persuade the doctor to just medically clear me so

4

they could leave not allowing me to have any privacy between my doctor and me, by them sitting in the room over talking me, when they could have been standing outside the door, so I could privately talk to my doctor about my medical conditions." Upon completing his examination, the doctor "filled out a letter" stating Plaintiff was medically cleared. Dr. Sherman also wrote prescriptions for Lortab and Fentanyl. After returning to the Office of the United States Marshal for processing, Defendants took Plaintiff before the Hon. Hugh Scott. While in the courtroom, Defendant Henry gave the prescriptions to Plaintiff's wife, Sunny Walker, without Plaintiff's knowledge or approval. See Dkt. # 1.

### 1.     *"Cruel and unusual" punishment*

Plaintiff alleges that Defendants subjected him to "cruel and unusual punishment" when they forced him "to go without my wheelchair." (Dkt. # 1). In their motion to dismiss, Defendants argue that the Eighth Amendment's prohibition against cruel and unusual punishment is not applicable to Plaintiff's factual allegations because Plaintiff was an arrestee at the time of the events giving rise to his claims. According to Defendants, the Eighth Amendment's protections attach only after an individual has been convicted and sentenced. However, that argument fails to recognize that under the Due Process Clause of the Fourteenth Amendment, Defendants were required to provide to an arrestee such as Plaintiff "humane conditions of confinement by ensuring . . . the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee [his] safety." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998); see also Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.") (citation omitted). Nonetheless, in order to establish Defendants'

liability for violating his right to humane conditions while in their custody, Plaintiff is required to establish that: (1) the officials "kn[ew] of and disregard[ed] an excessive risk to [his] health and safety," Farmer v. Brennan, 511 U.S. 825, 837 (1994) and (2) the alleged deprivation was "sufficiently serious." See Wilson v. Seiter, 501 U.S. 294, 298 (1991). As to the second component, conditions may be "restrictive and even harsh" without violating constitutional rights. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[O]nly those deprivations denying the minimal civilized measure of life's necessities ... are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson, 501 U.S. at 298, 111 S.Ct. 2321. (internal quotation marks omitted).

Under the facts alleged in the complaint, Plaintiff's contention that he was forced to use crutches instead of a wheelchair does not allege a sufficiently serious deprivation to constitute a constitutional violation. Plaintiff states that he used crutches to move around his bed. Since Plaintiff had crutches available and admits that he used them to move around his bed, it was not unreasonable for Defendants to require Plaintiff to use the crutches. In addition, the Court finds it significant that the examining physician determined that Plaintiff, who had arrived on crutches, was "medically cleared." Plaintiff has failed to allege facts indicating that being required to use the crutches he had available exposed him to conditions posing a substantial risk of serious harm. Plaintiff has not alleged facts sufficient to show that conditions were "more than uncomfortable," DeSpain v. Uphoff, 264 F.3d 965, 973 (10th Cir. 2001), and rose to the level of "conditions posing a substantial risk of serious harm" to plaintiff. Farmer, 511 U.S. at 834. The facts alleged by Plaintiff do not satisfy the objective component necessary to demonstrate a constitutional violation under Eighth Amendment standards. Plaintiff's claim of "cruel and unusual punishment" fails to state a claim upon which relief may be granted.

### *2. Defendants are entitled to qualified immunity on medical privacy claims*

In his complaint (Dkt. # 1), Plaintiff alleges that Defendant Henry violated his constitutional rights when he transferred prescriptions for narcotic medications he had received from Plaintiff's examining physician to Plaintiff's wife without his approval. He also claims that Defendants violated his medical privacy rights by "interfering with my doctor and myself" (Dkt. # 1). In their motion to dismiss, Defendants assert that they are entitled to qualified immunity on Plaintiff's medical privacy claims. Plaintiff filed a response to Defendants' motion to dismiss. See Dkt. # 27. However, he failed to address Defendants' claim of entitlement to qualified immunity. Upon review of Plaintiff's complaint and the applicable law, the Court agrees with Defendants and finds they are entitled to qualified immunity on Plaintiff's claims that they violated his right to medical privacy.

In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Supreme Court enunciated the standard by which claims of qualified immunity are to be evaluated. Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 645 (10th Cir. 1988). This standard provides that "[w]hen government officials are performing discretionary functions, they will not be held liable for their conduct unless their actions violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Id. (quoting Harlow, 457 U.S. at 818). The threshold question in evaluating qualified immunity is, "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). The next step is to ask whether the right was clearly established. Id. In determining whether the law involved was clearly established, the court examines the law as it was at the time of the defendants' actions. Pueblo Neighborhood Health Centers, 847 F.2d at 645. It is the plaintiff's burden to convince the court that the law was clearly established. Id. (citing Lutz v.

Weld County School Dist., 784 F.2d 340, 342-43 (10th Cir.1986)). In doing so, the plaintiff cannot simply identify a clearly established right in the abstract and allege that the defendant has violated it. Id. (citing Anderson v. Creighton, 483 U.S. 635, 640 & n. 2 (1987)). Instead, the plaintiff "must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." Hannula v. City of Lakewood, 907 F.2d 129, 131 (10th Cir.1990). While the plaintiff need not show that the specific action at issue has previously been held unlawful, the alleged unlawfulness must be "apparent" in light of preexisting law. Id. (citing Anderson, 483 U.S. at 640). The "'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. (quoting Anderson, 483 U.S. at 640). If the plaintiff is unable to demonstrate that the law allegedly violated was clearly established, the plaintiff is not allowed to proceed with the suit. Id.

In their motion to dismiss, Defendants cite to Herring v. Keenan, 218 F.3d 1171, 1175 (10th Cir. 2000), for the proposition that there is a recognized "right to privacy in the non-disclosure of personal information." As noted by Defendants, Plaintiff did not explain in his complaint what personal information was wrongly disclosed by Defendants when they gave his prescriptions to his wife. Furthermore, Plaintiff admits in his complaint that his wife was aware of his need for the medications leading to the conclusion that his wife knew the medications were for pain. Therefore, as a threshold matter, Plaintiff's claim concerning the transfer of his prescriptions to his wife fails on the basis that no personal information was disclosed.

Similarly, Plaintiff's claim based on Defendants' presence in the room during his medical examination fails because he has not alleged any fact suggesting that Defendants disclosed sensitive

8

medical information acquired while Plaintiff was being examined.[2] He never even explains what personal medical information was discussed. The factual allegations in the complaint indicate that Plaintiff was receiving medical treatment for injuries sustained in an automobile accident, that his mobility was impaired, and that he was taking pain medications. This Court is inclined to view the potential disclosure of information about Plaintiff's medical treatment for injuries sustained in an automobile accident as too innocuous to amount to a violation of any constitutional right to privacy Plaintiff might have. Car accident injuries are all-too-common and carry no stigma. Cf. Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001) (involving disclosure of HIV-positive status); Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999) (involving disclosure of transexualism). Plaintiff has not alleged any facts suggesting that other medical information of a more sensitive nature was disclosed during his medical examination.

Even if Plaintiff's complaint could be read to include an allegation that sensitive personal information was wrongfully disclosed, the Court finds Plaintiff has failed to meet his burden of demonstrating that the law prohibiting such action was clearly established, i.e., whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."

---

[2]To the extent Plaintiff's complaint could be read to allege that Defendants' presence in the examination room encroached upon the physician-patient privilege, Plaintiff's claim is unfounded for two reasons. First, federal courts do not recognize a physician-patient privilege. Whalen v. Roe, 429 U.S. 589, 602 n. 28 (1977) ("The physician-patient evidentiary privilege is unknown to the common law."); Patterson v. Caterpillar, Inc., 70 F.3d 503, 506-07 (7th Cir. 1995) ("federal common law does not recognize a physician-patient privilege"). Second, the physician-patient privilege is inapplicable to this case. The physician-patient privilege protects a person who has imparted confidential information to a physician from having such information revealed in the course of litigation. The privilege does not exist independently of certain proceedings to which it applies. See 1 John W. Strong et al., McCormick on Evidence § 98 (5th Ed. 1999). The physician-patient privilege is inapplicable in the context of an arrestee who does not wish law enforcement officers to be present at his medical examination.

Saucier, 533 U.S. at 202. As to Plaintiff's claim based on Defendants' transfer of his prescriptions, the question before the Court in this case is whether it would be clear to a reasonable law enforcement officer that giving Plaintiff's medical prescriptions to Plaintiff's wife violated clearly established law where the wife knew of the existence of the medication and Plaintiff's need for the medication. As to Plaintiff's claim based on Defendants' presence in the room during his medical examination, the question before the Court is whether it would be clear to a reasonable law enforcement officer that remaining in the room with Plaintiff, an arrestee, during a medical examination violated clearly established law where Plaintiff was being evaluated and receiving treatment for injuries previously sustained in an automobile accident.

As indicated above, Plaintiff has the burden of convincing the Court that the law protecting his right to medical privacy was clearly established at the time of the alleged violations. Plaintiff failed to address Defendants' qualified immunity argument in his response to the motion to dismiss and has not otherwise demonstrated that the law protecting Plaintiff's right to medical privacy allegedly violated by Defendants in this case was clearly established. The Court recognizes that Plaintiff alleges that Defendant Henry's action in handing the prescription to Plaintiff's wife was a violation of 21 U.S.C. § 841, and therefore, criminal in nature.[3] However, that argument does not defeat Defendants' entitlement to qualified immunity on Plaintiff's claim that Defendants violated his medical privacy rights as asserted in the complaint. The Court concludes that Defendants are

---

[3] The Court rejects Plaintiff's argument that Defendant Henry committed a criminal act when he handed Plaintiff's legally obtained prescription for pain medication to Plaintiff's wife. That act was not a violation of the criminal code because Plaintiff's prescription for pain medication was legally obtained from his physician. See, e.g., 21 U.S.C. § 844(a). For the same reason, the physician did not commit a criminal act when he handed the prescription to Defendant Henry rather than to Plaintiff himself, nor did the pharmacist commit a criminal act when he or she filled the legally obtained prescription and gave the pain medications to Plaintiff's wife.

10

entitled to qualified immunity on Plaintiff's claims alleging violation of his right to medical privacy.

**C. Motion to dismiss based on improper service is moot**

On November 3, 2005, the United States of America entered a special appearance on behalf of Defendants Sean Henry and Robert Jerome Mieir and moved for dismissal of the complaint based on Plaintiff's failure to effect proper service. See Dkt. # 18. By Order filed November 10, 2005 (Dkt. # 19), the Court gave Plaintiff an additional sixty (60) days within which to serve the U.S. Attorney for the Northern District of Oklahoma and the Attorney General in Washington, D.C. On December 9, 2005, the Clerk of Court received from Plaintiff two (2) summonses and two (2) USM-285s. Although the summonses were not issued and, as a result, the United States was never properly served, the Court finds that as discussed above, this action should be dismissed and it would be futile to require Plaintiff to serve the United States. Therefore, the motion to dismiss based on improper service shall be declared moot.

*CONCLUSION*

After liberally construing Plaintiff's complaint, the Court concludes that Plaintiff's claim of "cruel and unusual punishment" fails to state a claim upon which relief may be granted and that Defendants are entitled to qualified immunity on Plaintiff claims alleging violations of his right to medical privacy. The complaint shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.   Defendants' motion to dismiss (Dkt. # 20) is **granted**.

2.   The complaint (Dkt. # 1) **dismissed without prejudice**.

3. Defendants' motion to dismiss based on improper service (Dkt. # 18) is **declared moot**.

4. Plaintiff's motion to change venue (Dkt. # 21) is **denied**.

5. A separate Judgment shall be entered in this matter.

DATED THIS 23rd day of March, 2007.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE